Xavier C. Biccobono, J.
Defendant moves for an order pursuant to CPLB 3211 (subd. [a], par. 7) to dismiss the complaint.
The plaintiff was an approved vocational school which was organized for the purpose of teaching skills in refrigeration and air conditioning to minority groups.
The complaint alleges that the defendant, in violation of its duty as imposed by article 14 of the Education Law, arbitrarily and capriciously refused to make loans to individuals attending the school and the defendant Hollister, as executive director, imposed burdens of administrative and procedural details, which thereby discouraged many banks from maiding loans to the students. Furthermore, plaintiff specifically alleges that the defendant also refused and neglected to process and approve for guarantee student loan applications transmitted to the defendant from the banks and that the defendant refused to inform the plaintiff concerning the reasons for rejection of said loans and also that the defendant failed and refused to recognize that almost all the applicants for student loans were either Spanish-speaking or school dropouts or otherwise uneducated.
By virtue of the aforesaid acts and conduct, the plaintiff alleges that it lost moneys, its good will was destroyed, it was forced out of business, and that these acts were violations of a statutory duty imposed on the defendant by the statute.
The defendant corporation, New York Higher Education Assistance Corporation (Higher Education) was established by the Legislature by chapter 367 of the Laws of 1957, effective April 11, 1957. The stated purpose of the corporation as contained in section 651 of article 14 of the Education Law was to *198 improve college and vocational opportunities of students by lending funds to such persons or guaranteeing the loans of funds to such students in order to assist them in meeting their expenses for such education. Section 653 of the Education Law prescribes the powers and duties of the corporation under which the corporation promulgated certain rules and regulations governing the applications for the granting, administration and repayment of said loans.
The questions before this court are namely: (1) whether there was any duty or obligations owed by the defendant to the plaintiff; (2) whether there was an abuse of discretion on the part of the defendant in an exercise of the powers and duties conferred on it by the Legislature.
In consideration of these questions, we must look at the statute as it was enacted by the Legislature. A reading of the statute reveals that it was passed by the Legislature with a dual purpose, namely to lend and guarantee moneys to students. Unfortunately, up until the present time the Legislature has never appropriated any funds for the purpose of directly loaning money to students, whereas it has made appropriations strictly and for the only purpose of enabling the corporation to perform its guarantees on such loans. To this extent, the affidavit of defendant Hollister reflects that 529 loans have been guaranteed to students attending the plaintiff’s school.
The plaintiff cannot infer, from the facts and circumstances, that there was any duty owed by the defendant to the plaintiff and that as a result of a breach of this duty the plaintiff has a cause of action for damages.
In paragraph 11D of the brief, the plaintiff, further alleges that the defendant failed and refused to recognize that almost all the applicants were either Spanish-speaking or school dropouts or otherwise uneducated and therefore these students should have been given special consideration by the defendant. Such an argmment is wholly without merit. There is no indication that article 14 of the Education Law was passed for the sole purpose of promoting the interests of vocational schools as a class or of any individual institution.
The defendant corporation was vested with the authority to carry out a purpose and the Legislature has seen fit to make appropriations of moneys only for the purpose of guaranteeing loans. Unfortunately, under the circumstances, the plaintiff lost money in its operation and was eventually forced to close its doors. Such a happening can only be charged to mismanagement of the plaintiff corporation and not to abuse of discretion on the *199 part -of the defendant corporation or its officers in carrying ont the legislative intent.
It long has been held that the courts will not examine into the reasonableness of the rules and procedures adopted by a public body where the Legislature has conferred the power on the agency to make its own rules. (Gaynor v. Rockefeller, 15 N Y 2d 120.)
The plaintiff has failed to show this court that there was any duty owed to the plaintiff and a resultant breach of this duty. At most, there was a mere denial of benefits without the commission of a wrong.
Accordingly, the motion is granted.